IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 108-053 |
| | ) | |
| RAMON AGUIRRE | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. In the Report and Recommendation, the Magistrate Judge recommended that Defendant's motion to suppress evidence and corrected motion to suppress be denied. Defendant's lengthy objections attack the Report and Recommendation on several grounds, but only a limited number of Defendant's objections merit specific comments in this Adoption Order.

First, Defendant strenuously objects to the Magistrate Judge's credibility findings. According to Defendant's view, the Magistrate Judge exceeded the permissible boundaries of making credibility findings and erroneously found that defense counsel had submitted a false brief and declaration on behalf of Defendant and wrongly concluded that Defendant is guilty of the charged offense. (Doc. no. 40, p. 4). Having reviewed the findings of the Magistrate Judge, this Court concludes that Defendant's objections read far more into the Report and Recommendation than is warranted. The specific portion of the recommendation to which Defendant takes umbrage contains the qualifiers that the Magistrate Judge based his findings on the evidence heard at the hearing and an examination of the briefs and

exhibits. (Id. at 3-4 (citing Report and Recommendation, pp. 14-15)). The Magistrate Judge also specifically stated that his findings were based on "the record." (Doc. no. 36, p. 14).

As "the record" at this point in the case is far from complete, the Report and Recommendation in no way made a finding on Defendant's guilt or innocence. Rather, based on the evidence before the Magistrate Judge at the conclusion of the evidentiary hearing and extensive briefing by the parties, conclusions were drawn as to what the record, as presented to the Magistrate Judge, reflected about the credibility of Defendant and his arguments, as well as the viability of the conclusions Defendant attempted to draw from his submissions. No doubt, the Magistrate Judge disagreed with Defendant's view of the events forming the basis for the motion to suppress and the conclusions to be drawn therefrom. Indeed, the Magistrate Judge concluded that in light of all of the evidence before him, neither Defendant nor his arguments were credible. However, an evidentiary hearing on a motion to suppress in no way mirrors a criminal trial; thus, any conclusions drawn after an evidentiary hearing such as the one held before the Magistrate Judge in no way usurp the function of a criminal trial or otherwise amount to a finding of guilt. Courts have long recognized this distinction.

As the Supreme Court has explained, "[t]here is a large difference between the two things to be proved [at proceedings to determine probable cause and a criminal trial], as well as between the tribunals which determine them, and therefore a like difference in the quanta and modes of proof required to establish them." United States v. Matlock, 415 U.S. 164, 173 (1974). Moreover, "the rules of evidence applicable in a criminal trial do not operate with

full force at hearings before the judge to determine the admissibility of evidence."[1] Id. at 172-73. Thus, evidence that the Magistrate Judge relied upon to make his credibility determinations may not be applicable at trial, and therefore, no "final" conclusions on guilt or innocence could possibly be drawn at this stage of the case.

In a nutshell, the motion to suppress proceedings that occurred before the Magistrate Judge are separate and distinct from the criminal trial itself over which this Court will preside. Nothing in the Report and Recommendation purports to, nor could it, conclude that Defendant is guilty of any offense beyond a reasonable doubt. Accordingly, Defendant's objection on this point is without merit.

Defendant also objects that the Magistrate Judge took "up a yoke not hefted by the government" (doc. no. 40, p. 8) when he determined that Defendant did not have an objectively reasonable expectation of privacy in the office at 3107 Old McDuffie Road (doc. no. 36, pp. 15-18). According to Defendant, this analysis was improper because "[t]he government did not raise the issue of standing, or expectation of privacy in any of its papers

---

[1] As the Federal Rules of Evidence do not apply with the same force in the proceedings held before the Magistrate Judge as they would at a trial presided over by this Court, Defendant's objections (doc. no. 40, p. 7) about the Magistrate Judge's consideration of Special Agent Huebner's testimony regarding interviews conducted by agents who did not testify at the evidentiary hearing are without merit. See Matlock, 415 U.S. at 175 ("[I]n proceedings where the judge himself is considering the admissibility of evidence, the exclusionary rules, aside from the rules of privilege, should not be applicable; and the judge should receive the evidence and give it such weight as his judgment and experience counsel . . . . Certainly there should be no automatic rule against the reception of hearsay evidence in such proceedings . . . ."); see also United States v. Franklin, No. 07-14917, 2008 WL 2588644, at *3 (11th Cir. July 1, 2008) (*per curiam*) ("At a suppression hearing, the court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial." (citing United States v. Raddatz, 447 U.S. 667, 669 (1980))); Fed. R. Evid. 104(a) & 1101(d)(1).

3

in the extensive pleadings filed herein." (Doc. no. 40, p. 8). The Court disagrees with Defendant's argument.

"As a threshold inquiry, courts must determine whether a defendant has established standing to bring the motion to suppress by sufficiently alleging that he possessed a reasonable expectation of privacy in the area searched." United States v. Thompson, 171 Fed. App'x 823, 827-28 (11th Cir. 2006) (citing United States v. Cooper, 203 F.3d 1279, 1285 (11th Cir. 2000)); see also United States v. Baron-Mantilla, 743 F.2d 868, 870 (11th Cir. 1984) (*per curiam*) ("To prevail on a claim that evidence was seized in violation of the fourth amendment, the defendant bears the burden of demonstrating a legitimate expectation of privacy in the areas searched."). Thus, if Defendant failed to cross this initial threshold, the analysis might have ended.

Here, however, the Magistrate Judge did not base his recommendation against suppression solely on the conclusion that the substantive underpinnings of the Fourth Amendment did not support Defendant's assertion of a protected interest. Rather, the Magistrate Judge went on to extensively analyze the substance of Defendant's arguments for suppression.[2] As evidenced by Defendant's objections, he disagrees with the Magistrate

---

[2]To the extent Defendant may be suggesting that the Magistrate Judge "wholly overlooks" that the Fourth Amendment's prohibition against unreasonable searches and seizures applies to commercial property simply because the Magistrate Judge raised the issue of a reasonable expectation of privacy (doc. no. 40, pp. 8-9), that argument must fail. Cf. United States v. Hall, 47 F.3d 1091, 1094-96 (11th Cir. 1995) (recognizing applicability of Fourth Amendment protections for commercial premises but still proceeding with inquiry as to whether a business's subjective expectation of privacy was objectively reasonable). Stated otherwise, the Court does not read the Report and Recommendation to contain an outright rejection of the principle that the protections of the Fourth Amendment apply to commercial premises. Indeed, such a conclusion would not be appropriate. See, e.g., Minnesota v. Carter, 525 U.S. 83, 90 (1998) (discussing applicability of Fourth Amendment

Judge's analysis, but he offers nothing new to convince this Court that suppression is warranted.[3]

Accordingly, the Report and Recommendation of the Magistrate Judge, to include the clarifications contained herein, is **ADOPTED** as the opinion of the Court. Therefore, Defendant's motion to suppress evidence and corrected motion to suppress evidence are **DENIED**. (Doc. nos. 22, 23).

SO ORDERED this 3rd day of November, 2008, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

protections for both an individual's home and commercial premises). Rather, the Magistrate Judge concluded that *under the specific factual circumstances of this case*, Defendant did not establish that "he had an objectively reasonable expectation of privacy in the office at 3107 Old McDuffie Road protected by the Fourth Amendment." (Doc. no. 36, p. 18).

[3] All other objections not expressly addressed herein are overruled.